IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY GLENN BLANKENSHIP                                                    PLAINTIFF

v.                                        Civil No. 4:22-cv-04055

SHERIFF ROBERT GENTRY;
CHRIS WALCOTT; NURSE TAMMY FOWLER;
TERRY HERNANDEZ; and ANNA MEJIA                              DEFENDANTS

## ORDER

Plaintiff, Roy Glenn Blankenship originally filed this 42 U.S.C. § 1983 action *pro se* on June 27, 2022.  (ECF No. 1).  Plaintiff also submitted an Application to proceed *in forma pauperis* ("IFP") with his Complaint.  (ECF No. 2).  The Court granted Plaintiff IFP status on the same day. Currently before the Court is Defendant Fowler's Motion for Sanctions.  (ECF No. 38).  Plaintiff has responded, (ECF No. 43), and now the matter is ripe for consideration.

## I.  BACKGROUND

On October 6, 2022, the Court entered an Initial Scheduling Order setting dates for discovery and dispositive motions.  (ECF No. 23).  This Order also includes required initial disclosures to be produced to Plaintiff:

> By November 21, 2022, Defendant(s) shall provide Plaintiff with a copy of all incident reports documenting incidents referenced in the Plaintiff's complaint, including any color photographs, and video footage of the same, and shall also provide Plaintiff with a copy of all medical requests, grievances, and photographs in the Plaintiff's file, as well as any written policies, which related to the facts recited in Plaintiff's complaint.  **In instances in which the Plaintiff is incarcerated, if any video footage provided to Plaintiff is returned to defense counsel by the institution of incarceration, defense counsel shall provide a copy of this order to the appropriate official of the institution and this order shall serve as authorization for the Plaintiff to view the video.**

*Id.* at 1.  Further, the Scheduling Order directed the parties to engage in discovery pursuant to the Federal Rules of Civil Procedure and complete all discovery by February 3, 2023.  *Id*. at 1-2.

On November 21, 2022, nonmoving Defendants (the nonmedical Sevier County employees) filed a Notice of Defendant's Disclosures to Plaintiff.  (ECF No. 27).  This Notice stated Plaintiff was provided with:

> … a copy of his Sevier County Detention Center inmate file which includes all medical requests, grievances, medical file, incident reports, etc.  Plaintiff has also been provided with a copy of the Sevier County Detention Center Handbook and Policies: Emergency Health Care (pg. 44-45); Detainee Health Care (pg. 46-47); Services and Rules for Inmates (pg. 67-68); Inmate Request for Medical Attention (pg. 75);Emergency Medical Care (pg. 76); Medication/Pharmaceuticals (pg. 78); Detainee Healthcare (pg. 106-108); Grievances (pg. 140); and Definitions of Grievances and Offenses (pg. 141).

(ECF No. 27).  This Notice goes on to explain there are no other documents, photographs, or video footage which relates to the facts in Plaintiff's Complaint.  *Id.*

On November 21, 2022, Defendant Fowler served Plaintiff with Interrogatories, Requests for Production, and Requests for Admission.  Plaintiff failed to respond.  On December 21, 2021, Defendant Fowler forwarded a meet and confer letter to Plaintiff again requesting responses to previously submitted discovery requests and extending the response deadline to such requests to January 6, 2023.  Plaintiff again failed to respond, and on January 6, 2023, Defendant Fowler filed a Motion to Compel.  (ECF No. 29).

Plaintiff did not file a response to Defendant Fowler's Motion to Compel.  Accordingly, on March 31, 2023, the Court entered an Order granting Defendant Fowler's Motion to Compel.  (ECF No. 34).  Pursuant to Federal Rule of Civil Procedure 36(a)(3), the Court deemed all Request for Admissions admitted and ordered Plaintiff to respond to all Interrogatories and Request for Production of Documents by April 31, 2023.  (ECF No. 34).

On May 25, 2023, Defendant Fowler filed the instant Motion, notifying the Court Plaintiff failed to comply with the Court's March 31, 2023 Order.  (ECF No. 38).

The Court entered an Order to Show Cause on June 2, 2023 directing the Plaintiff to show cause why he failed to comply with the Court's March 31, 2023 Order and produce all ordered discovery to Defendant Fowler.  (ECF No. 40).

Plaintiff filed a Response to the Court's Order to Show Cause on June 16, 2023.  (ECF No. 43).  In this Response, Plaintiff admits he has not responded to Defendant Fowler's discovery requests.  He argues, however, he has nothing to produce or use in responding because the Defendants have not produced to him the initial disclosures ordered by the Court.  Plaintiff specifically states: "My discovery, my proof is all in their possession . . .."  *Id.* at 1.  Plaintiff goes on to say he cannot produce something the Defendants have refused to give him.  *Id.* at 2.  Plaintiff is not specific in identifying which Defendants have refused to produce discovery to him, but he does specifically complain of not receiving any video or audio recordings.  *Id.*

Defendant Fowler replied to this Response on June 20, 2023.  (ECF No. 44).  In her Reply, Defendant Fowler states she did in fact produce the Court required Initial Disclosures to Plaintiff on November 21, 2022.  *Id.*  Defendant Fowler produced to plaintiff policies and procedures of Turn Key, Defendant Fowler's employer, relevant to Plaintiff's claims.  Additionally, according to a letter attached to Defendant Fowler's Reply, Defendant's counsel promised to forward a copy of Plaintiff's medical records from Sevier County Detention Center once they were available.  *Id.* at Ex. 1.  It is unclear from the current record whether these medical records were produced.

## II. DISCUSSION

As an initial matter, the Court notes Defendant Fowler's argument to deem all Request for Admissions as admitted is moot.  The Court previously ruled on this matter in its Order on Defendant Fowler's Motion to Compel.  Pursuant to Rule 36(a)(3) all Request for Admissions were deemed admitted on March 31, 2023.  (ECF No. 34).

Next, Defendant Fowler seeks sanctions against Plaintiff in the form of a dismissal with prejudice of all claims alleged against her.

Federal Rule of Civil Procedure 37 states in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . .. the court where the action is pending may issue further just orders.  They may include . . . dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A)(v).[1]

However, dismissal with prejudice is "an extreme sanction [that] should only be used in cases of willful disobedience of a court order . . .." *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  While the district courts have wide discretion in determining what sanctions are appropriate in discovery misconduct, *Hutchins v. A.G. Edwards & Sons, Inc.,* 116 F.3d 1256, 1260 (8th Cir. 1997), the sanction must be proportionate to the litigant's misconduct, *see Keefer v. Provident Life and Acc. Ins. Co.,* 238 F.3d 937, 941 (8th Cir. 2000).  To justify a sanction of dismissal there must be "(1) an order compelling discovery;

---

[1] Defendant Fowler also argues the Court should dismiss based on Plaintiff's failure to prosecute under Local Rule 5.5(c)(2).  However, as explained herein, Plaintiff responded to Plaintiff's Motion for Sanction and is currently prosecuting this matter.  Furthermore, the Eighth Circuit has cautioned that dismissal sanctions requested for purported discovery misconduct should only be analyzed under Rule 37.  *Sentis Group, Inc., et al.,* 559 F.3d at 899.

(2) a willful violation of that order, and (3) prejudice to the other party." *Sentis Group, Inc. et al., v. Shell Oil Co.,* 559 F.3d 888, 899 (8th Cir. 2009) (internal quotations and citations omitted).

Additionally, before dismissing with prejudice, due to the extreme nature of this sanction, the Court should first consider lesser sanctions. *See DiMercurio v. Malcom,* 716 F.3d 1138, 1140 (8th Cir. 2013); *see also Bergstrom v. Frascone*, 744 F.3d 571, 574-76 (8th Cir. 2014) (holding the district court abused its discretion in dismissing with prejudice without first considering lesser sanctions because even when facts might support dismissal with prejudice lesser sanctions must first be considered). Although the Court need not consider lesser sanctions when both willful misconduct and bad faith are shown. *See Gleghorn v. Melton*, 195 Fed. Appx 535, 537, 2006 WL 2265880 (8th Cir. 2006) (reversing a district court dismissal even though the record clearly indicated sanctions were warranted because the record was unclear as to whether the district court considered lesser sanctions or whether it found the plaintiff acted willfully and in bad faith).

While Plaintiff's *pro se* status does not excuse him from complying with the Federal Rules of Civil Procedure and discovery requirements, *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000), the Court finds Plaintiff's misunderstanding of the discovery process here negates any willful disobedience which is required to dismiss Plaintiff's claims against Defendant Fowler with prejudice. Plaintiff is attempting to prosecute this matter as evidenced by his Response, and the record indicates Plaintiff believes he cannot produce any information Defendant Fowler does not already possess. (ECF No. 43). While this is clearly an incorrect understanding of the discovery process, it does not evidence willful disobedience.

Furthermore, the Court is unconvinced by Defendant Fowler's argument that she is prejudiced because she cannot proceed with substantive arguments without Plaintiff's response to the discovery. As explained above, all Requests for Admission have been deemed admitted by the

Court.  Moreover, Plaintiff has stated in his Response, he has no additional information other than what is in the possession of Defendants.  Accordingly, it does not appear Defendant Fowler's knowledge and information on the issues would be enlarged by discovery responses from Plaintiff.[2]  Lastly, Defendant Fowler was provided the opportunity to depose the Plaintiff should she have wished to elicit testimony from Plaintiff.  *See* Initial Scheduling Order, ECF No. 23, p. 2.

### III.  CONCLUSION

Accordingly, the Court finds all Request for Admissions being deemed admitted is an appropriate sanction at this time (which was granted in the Court's Order at ECF No. 34), and Defendant Fowler's Motion for Sanctions as it requests dismissal with prejudice is **DENIED** at this time.  Specifically, Defendant Fowler's Requests for Admission No. 1 through Admission No. 10 as enumerated in Exhibit One to Defendant Fowler's Motion to Compel (ECF No. 29-1, pp. 8-9) are hereby considered admitted by the Court pursuant to the Court's Order at ECF No. 34.

However, Plaintiff is advised this Order does not condone disregarding the Federal Rules of Civil Procedure, or this Court's Orders.  Plaintiff should communicate with Defendants' counsel during discovery, even if his response to the discovery requests consists of statements indicating he has no information to provide or does not know the answer to the requests made.  **Continuing failure to comply with the Court's Orders and deadlines will, after this warning, be construed as willful disobedience and justify dismissal of Plaintiff's claims with prejudice.**

The parties should proceed with filing Motions for Summary Judgment which are now due by **March 8, 2024.**

---

[2] The Court also would invite objections to any material, that should have been produced in discovery by Plaintiff, being used by Plaintiff in future pleadings or hearings in this matter.

**IT IS SO ORDERED**, this 24th day of January 2024.

_/s/ Barry A. Bryant_
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE