IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY GLENN BLANKENSHIP                                                                PLAINTIFF

v.                                     Civil No. 4:22-cv-04055-SOH-BAB

SHERIFF ROBERT GENTRY;
CHRIS WALCOTT; NURSE
TAMMY FOWLER;
TERRY HERNANDEZ; and
ANNA MEJIA                                                                           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Joint Second Motion for Summary Judgment (ECF No. 78). Plaintiff has responded. (ECF No. 83). Defendants did not reply. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

For the reasons outlined below, the undersigned recommends Defendants' Joint Motion for Summary Judgment be granted and all of Plaintiff's remaining claims should be dismissed with prejudice.

### I.   PROCEDURAL BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Division of Corrections – Cummins Unit in Grady, Arkansas. His claims in this lawsuit stem from alleged civil rights violations which occurred during his incarceration at the Sevier County Detention Center ("SCDC") in DeQueen, Arkansas. Plaintiff filed his original Complaint on June 27, 2022. (ECF No. 1).

1

Plaintiff names five defendants in his Complaint: Sheriff Robert Gentry; Jail Administrator Chris Walcott; Program Coordinator Terry Hernandez; and Program Coordinator Anna Mejia (hereinafter "County Defendants"), and Nurse Tammy Fowler. (ECF No. 1, pp. 2-3). He originally alleged two claims, but the only surviving claim after the Defendants' first Motions for Summary Judgment, is a retaliation claim stated in Plaintiff's Claim One. (ECF Nos. 72, 82). Accordingly, the only facts and allegations the Court will include herein are those relevant to Plaintiff's claim of retaliation.

In Claim One, Plaintiff states the County Defendants and Defendant Fowler violated his constitutional rights on May 25, 2022 by retaliating against him for filing a previous lawsuit. *Id.* at 4. Plaintiff alleges this Claim One against the County Defendants and Defendant Fowler in both their individual and official capacities. *Id.*

Plaintiff seeks both compensatory and punitive damages in his Complaint. Plaintiff specifically seeks:

> I want to be compensated for my injuries, [maybe] permanent, for putting my life in jeopardy. I want to sue them for $2,000,000 for this and for retaliating against me for suing them. I want them to give other inmates in the future adequate medical treatment and to be held liable if they do not.

(ECF No. 1, p. 9).

Defendants filed a Motion for leave to file a Second Motion for Summary Judgment regarding Plaintiff's remaining retaliation claim on January 2, 2025. (ECF No. 75). The Court granted the requested leave and all Defendants filed the instant Joint Second Motion for Summary Judgment and supporting documents on February 5, 2025. (ECF Nos. 78, 79, 80).

In this Second Motion, Defendants argue Plaintiff has failed to allege a cognizable claim for retaliation because the alleged protected conduct of his prior lawsuit occurred after the alleged adverse conduct by Defendants. (ECF No. 79, p. 3). Specifically, Defendants assert Plaintiff's

alleged retaliation occurred before the filing of his lawsuit which is what he claims he was being punished for filing.[1] *Id.*

On February 6, 2025, the Court directed Plaintiff to file a response to the Defendants' Joint Second Motion for Summary Judgment. (ECF No. 81). In this Order, Plaintiff was given specific instructions regarding the requirements of his response pursuant to Federal Rule of Civil Procedure 56. *Id.*

Plaintiff filed his Response of February 24, 2025. (ECF No. 83). In this Response, Plaintiff failed to make any arguments related to whether there are genuine issues of material fact related to his retaliation claim. Instead, he once again makes arguments regarding the discovery process in this case. *Id.* As the Court has previously addressed the parties' discovery disputes in detail (ECF No. 30, 34, 40, 47, 59, 68), and Plaintiff was well advised by the Court of the requirements of his Response, (ECF No. 81), I will address Defendants Joint Second Motion for Summary Judgment on the merits.

## II. FACTUAL BACKGROUND

Plaintiff specifically alleges, in his verified Complaint[2], the following in his Claim One:

---

[1] Defendants make an alternate argument of qualified immunity which the Court need not address as explained below.

[2] Because Plaintiff failed to respond to Defendants Joint Second Motion for Summary Judgment with any substantive arguments or purported issues of fact, the Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on the Joint Second Summary Judgment Motion. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001). As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.* The Court will "piece[ ] together [Plaintiff's] version of the facts from the verified complaint...." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016). Those portions of the Defendants' statement of material facts that do not conflict with [Plaintiff's verified Amended Complaint] are deemed admitted." (*Id.*). The Court will also rely upon Plaintiff's sworn testimony in his deposition provided by Defendants as an exhibit to their Motion. (ECF No. 80-1).

> This was my grievance on May 25, 2022 stating, I've had stomach problems ever since the Sheriff, Jail admin and all the staff including Nurse Tammy Fowler cause me to get Covid by locking me and several other people down with positive Covid inmates. I have really bad stomach pains and trouble digesting food now and have lost almost 20lbs since Feb. 2022. I was eventually given a special diet tray because of significant weight loss until Sheriff Gentry, Chris Wolcott, Jerry Hernandez, and Anna Mejia said they wasn't going to cater to me and took my diet trays. So I told them I would greive it, because they were Dr. prescribed ever since they intentionally gave me Covid by locking me down with pos. testing Covid inmates SO they made me see the Dr. for the first time since I been here in over a yr and he told me he was taking my diet trays because Gentry, & Walcott said I couldn't have them unless I had previous records of my stomach problems which I don't because my stomach problems started here after I was given Covid19. I also asked the Dr. to run some test or something and was denied. So I filed this grievance and Anna Mejia resolved it and didn't escalate it so I asked her why and she said I had already got a 1983 form filed and I couldn't file another one or receive one 'Per Chris Wolcott' Jail add. That if I wanted a 1983 form then I would have to go through the courts and just add it to my other grievances and I told her that wasnt right I had to file separate for different grievances and was denied again. I feel like I'm being retaliated against for the previous lawsuit I have on them.

(ECF No. 1, pp. 4-5) (errors in original). For his official capacity component of Claim One, Plaintiff claims he was retaliated against for filing grievances. (ECF No. 1, p. 5).

In his verified Complaint, Plaintiff also stated he was exposed to COVID-19 in February 2022. (ECF No. 1, p. 6). In his deposition, Plaintiff testifies he was on his special diet tray from February to May 2022 and then taken off. (ECF No. 80-1, pp. 33, 35, 48). In his verified Complaint, Plaintiff states he filed his grievance on May 22, 2025. (ECF No. 1, p. 4). Plaintiff also listed in his verified Complaint his previous lawsuit as Civil No. 4:22-cv-04047-SOH-BAB. (ECF No. 1, p. 10).

### III. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once

4

a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff

must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

### IV. DISCUSSION

Defendants interpret Plaintiff's retaliation claim to be that the Defendants purposefully gave him COVID-19 and denied him his special diet tray because he filed his first lawsuit. (ECF No. 79). In his Complaint Plaintiff claims he was retaliated against for both filing grievances and filing his previous lawsuit. (ECF No. 1, pp. 4-5). Plaintiff, however, did not dispute Defendants interpretation of his retaliation claim in his Response. (ECF No. 83). Furthermore, under either interpretation, Plaintiff's claim for retaliation fails as a matter of law.

"To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago*, 707 F.3d at 991 (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citation omitted); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990) (same). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id. See also Dixon v. Brown*, 38 F.3d 379, 380

(8th Cir. 1994) ("[W]hen retaliatory conduct is involved, there is no independent injury requirement.").

Here, Plaintiff cannot "show that the protected activity was a 'but-for-cause' of the adverse actions, meaning that the adverse action against [him] would not have been taken absent a retaliatory motive." *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022). Whether the protected action was filing the May grievances or filing his first lawsuit, both protected actions occurred after the complained of retaliatory actions—denial of diet tray and exposure to COVID-19. Plaintiff filed his first lawsuit (hereinafter "*Blankenship I*") on June 1, 2022, and it was served on the Sheriff of Sevier County on or about July 5, 2022. *See Blankenship v. Gentry et al.*, Civil No. 4:22-cv-04047-BAB-SOH, ECF. Nos. 1, 13 (W.D. Ark. June 1, 2022). Plaintiff filed his grievances regarding the diet tray on May 22, 2025. (ECF No. 1, p. 4). Plaintiff claims he was exposed to COVID-19 prior to both of these protected actions—in February 2022. (ECF No. 1, p. 6). Additionally, Plaintiff was denied his diet tray before May 22, 2025 when he filed his grievances regarding the matter. (ECF No. 1, p. 4-5).

It is impossible to show Plaintiff's protected actions, whether it was filing a grievance or filing a lawsuit, motivated Defendants' conduct toward Plaintiff when Defendants' conduct occurred prior to Plaintiff's protected actions. *See De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022). Accordingly, Plaintiff's retaliation claim must fail as a matter of law.

Since Plaintiff has failed to state any individual claim against any Defendant regarding his retaliation claim, he cannot maintain an official capacity claim against any Defendant or the Defendants' employers. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)). Furthermore, "[c]laims against individuals in their official capacities

are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Plaintiff did not cite or claim any policies or procedures of Sevier County or Turn Key Health Clinics, LLC (Defendant Fowler's employer) that violated his constitutional rights.

## V. CONCLUSION

For the foregoing reasons, I recommend Defendants' Joint Second Motion for Summary Judgment (ECF No. 78) be **GRANTED** and all claims, both individual and official capacity, related to retaliation be **DISMISSED with prejudice.**

**Referral Status: The referral in this matter should be terminated with the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **10th day of July 2025**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE