IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY GLENN BLANKENSHIP                                                                    PLAINTIFF

v.                                         Case No. 4:22-cv-4055

SHERIFF ROBERT GENTRY, *et al*.                                                       DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 84. Plaintiff filed a timely objection. ECF No. 85. The Court finds the matte ripe for consideration.

Judge Bryant recommends that Defendants' Second Motion for Summary Judgment (ECF No. 78) be granted and that Plaintiff's claim be dismissed with prejudice. Judge Bryant first notes that Plaintiff's remaining claim[1] is one for unconstitutional retaliation, which allegedly occurred in reaction to Plaintiff filing grievances and lawsuits while confined in the Sevier County Detention Center in DeQueen, Arkansas. Specifically, Plaintiff alleges that Defendants retaliated by exposing him to inmates infected with COVID-19 and denying his special diet tray. Judge Bryant then notes that all alleged retaliatory actions Defendants took against Plaintiff occurred prior to the protective activity. Judge Bryant explains that such a timeline is wholly incompatible with a retaliation claim and that Plaintiff has therefore failed to establish his claim.

Though Plaintiff's objection is timely, he does not address any of the substance of Judge Bryant's R&R. Instead, Plaintiff expresses complaints about the Court not appointing him counsel and Defendants' alleged failure to provide discovery. However, the Court denied (ECF No. 59)

---

[1] The Court previously granted summary judgment against Plaintiff's other claim. ECF No. 82.

Plaintiff's lone Motion to Compel (ECF No. 48) regarding video footage because Defendants stated in initial disclosures that they did not possess any such footage.

Further, Plaintiff does not explain how any discovery issues can overcome the fatal flaw in his claim identified by Judge Bryant. A claim for retaliation pursuant to 42 U.S.C. § 1983 requires a plaintiff to show "(1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013). Though a defendant's motivation is typically a jury question, summary judgment may be granted when "the question is so free from doubt as to justify taking it from the jury." *De Rossitte v. Correct Care Sol.*, LLC, 22 F.4th 796, 804 (8th Cir. 2022) (quotation omitted). Here, Plaintiff alleges that he was exposed to COVID-19 in February 2022 and was denied his special diet tray in May 2022, which was the impetus for him filing his grievance on May 25, 2022. ECF No. 1, p. 4-5. Also, his other lawsuit was filed on June 1, 2022.[2] Id. at p. 10. Consequently, Plaintiff's allegations show that all supposedly retaliatory acts occurred before any of his protected activity. An allegedly retaliatory action obviously cannot be motivated by an activity that has not occurred and this claim inherently fails. *See Santiago*, 707 F.3d at 991.

Accordingly, the Court hereby adopts the R&R (ECF No. 84) in toto. Defendants' Second Motion for Summary Judgment (ECF No. 78) is hereby **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of August, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] *Blankenship v. Gentry, et al.*, Case No. 4:22-cv-04047-SOH.